**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **VS.** | § | **NO. 1:00-cr-26** |
| **EDNA MARTINEZ SIERRA** | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed

December 28, 2004, alleging that defendant violated a special condition of supervised release by

preparing income tax returns for the 2003 tax season.

This matter is referred to the undersigned United States magistrate judge for review,

hearing, and submission of a report with recommended findings of fact and conclusions of law.

See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i)

(2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I.  The Original Conviction and Sentence**

Defendant was sentenced on November 21, 2000, before The Honorable Richard A.

Schell of the Eastern District of Texas after being found guilty of the offenses of aiding in

preparing a false statement (Counts 1 and 2), and fraudulent and false statements made under

penalties of perjury (Counts 3 and 4), Class E felonies, with a maximum imprisonment term of

three years; making a false and fraudulent material statement (Counts 5 and 6), and making a false

and fictitious claim (Counts 7 and 8), Class E felonies, with a maximum imprisonment term of 5

years.  The guideline imprisonment range, based on a total offense level of 15 and a criminal

history category of II, was 21 to 27 months.  Edna Martinez Sierra was subsequently sentenced to

24 months imprisonment to be served as to each of Counts 1, 2, 3, 4, 5, 6, 7, and 8, to be served

concurrently.  This imprisonment sentence was ordered to be followed by a 3-year term of

supervised release, consisting of one year as to each of Counts 1, 2, 3, and 4, and three years for

Counts 5, 6, 7, and 8, with all such terms to run concurrently.   Defendant's term of supervised

release was ordered subject to the standard conditions of release, plus special conditions to

include financial disclosure; a $3,000 fine; a prohibition on the opening of new lines of credit

without the approval of the probation officer until the financial obligation is paid in full; a

prohibition on acting as an income tax preparer for other taxpayers; and a $700 special

assessment.  The court also recommended that the Internal Revenue Service (IRS) bar the

defendant from engaging in tax return preparation for other taxpayers for whatever period of time

the IRS deems appropriate.

On October 2, 2002, defendant completed her period of imprisonment.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on October 2, 2002.

### III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on December 28, 2004.  The petition alleges that defendant violated the following condition of release:

| | |
|---|---|
| Special Condition: | Defendant shall not act as an Income Tax Preparer for other taxpayers, and the court recommends that the I.R.S. bar defendant from engaging in tax return preparation for other taxpayers for whatever period the I.R.S. deems appropriate. |

As grounds, the petition alleges that the U.S. Probation Office obtained a copy of a tax return allegedly completed by defendant and receipts indicating that defendant was paid $250 to provide this service on April 1, 2004.  The petition also alleges that the U.S. Probation Office contacted a couple for whom defendant had incorrectly prepared a tax form.  The petition states that this couple also provided the names of seven other individuals for whom defendant acted as a tax preparer.  According to the petition, the U.S. Probation Office summoned defendant on December 13, 2004, in order to discuss the allegations.  The petition states that defendant admitted, both verbally and in writing, that she had prepared taxes during the 2003 tax season.

### IV.  Proceedings

On March 21, March 28, and April 6, 2005, the undersigned United States Magistrate Judge convened hearings to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government presented multiple exhibits, including a written admission signed by defendant that she had prepared income tax returns and thereby violated a condition of her supervised release.  Counsel for the government presented United States Probation Officer Adam Graves, who authenticated the written admission and testified that defendant had also orally admitted to him that she had been preparing income tax returns for fellow members of her Hispanic community.  Counsel for the government also called Mr. Nicholas Valesquez and Ms. Benita Salazar, who both testified that defendant had incorrectly prepared their 2003 tax returns, claiming deductions for which they were not eligible.  Counsel also called Ms. Cynthia Holman, a criminal investigator with the Internal Revenue Service, who testified that, during her investigation of defendant, she interviewed Ms. Blanca Loera, who also had her 2003 tax return incorrectly prepared by defendant.  The court admitted copies of these tax returns into evidence.

Defendant testified that she neither signed nor prepared income tax returns for two witnesses, Mrs. Salazar and Mr. Valesquez, even though both copies of these tax returns bore her stamp.  Defendant contended that the handwritten receipts admitted into evidence at the hearing were receipts for payments made to defendant from fellow community members for defendant's help with immigration paperwork and other financial matters.  Defendant testified that, in her Port Arthur business, Latina Business Services, she merely assisted fellow members of the Hispanic community with bookkeeping, loan advice, and immigration paperwork.  Defendant testified that she gave each of her clients a packet when they asked for her assistance, and that these packets contained tax forms (in addition to forms regarding immigration and small business regulation), but that she did not *prepare* income tax returns for any such clients.

Counsel for defendant also called Ms. Vanessa Ruiz to testify.  Ms. Ruiz is  defendant's cousin.  She testified that she worked with defendant at Latina Business Services from June, 2004 until December, 2004, and that she had never observed defendant preparing tax returns for any clients.  Ms. Ruiz testified that Latina Business Services did not engage in preparing tax returns.

In closing arguments, counsel for the government stated that defendant has already been convicted of income tax fraud, thereby harming the Hispanic community, and that, once on supervised release, she continued to prepare fraudulent tax returns.  Counsel urged the court to find that defendant has violated a special condition of supervised release, recommend revocation, and recommend a maximum sentence.  Defense counsel responded by asking that the court not find that defendant violated terms of supervised release, because she had not *prepared* income tax returns, and because defendant's conditions of supervised release were ambiguous in that they did not forbid defendant from handing out tax forms in the standard packets she gave to her clients. Alternatively, if the court finds a violation, defense counsel advocated that the appropriate action would be modification of terms of supervised release to specify with additional clarity what business activities are prohibited while defendant is on supervised release.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit

for time previously served on post-release supervision. The original offenses of conviction were Class E felonies, with a maximum imprisonment term of three years for Counts 1, 2, 3, and 4, and a maximum term of five years for Counts 5, 6, 7, and 8.

According to U.S.S.G. § 7B1.1(a) and 18 U.S.C. § 3583(g)(4), upon finding by a preponderance of the evidence that defendant violated conditions of supervision by working as an income tax preparer, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.   The authorized term of supervised release for the offenses of conviction are not more than 1 year regarding the Class E felonies, counts 1, 2, 3, and 4, and not more than 3 years for the Class D felonies, counts 5, 6, 7, and 8.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Although the facts are disputed, the government proved by a preponderance of the evidence that defendant did violate a special condition of supervised release which required that

she not act as an income tax preparer.  Credible evidence presented to the court indicates that defendant prepared several income tax returns during the 2003 tax season in direct violation of a special condition of supervision, which prevented her functioning as an income tax preparer. Based upon the evidence presented in hearing, defendant violated conditions of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision.  Defendant engaged in the same conduct for which she was convicted, and defendant refuses to accept responsibility for this conduct.  As such, revocation and additional incarceration will appropriately address defendant's violations.

## RECOMMENDATIONS

1.   The court should find that defendant violated conditions of supervised release in the manner alleged in the petition.

2.   The petition should be granted and defendant's supervised release should be revoked.

3.   Defendant should be sentenced to a term of imprisonment of three (3) months to be served consecutively to any subsequent term of imprisonment, followed by an additional term of supervision of twenty-four (24) months.  The sentence should require defendant to report to the probation office in the district to which defendant is released within 72 hours of release from the custody of Bureau of Prisons.

4.   Conditions of supervision should include the following:

While on supervised release, defendant shall not commit another federal, state, or local crime, and shall comply with the standard

conditions that have been adopted by the court, and shall comply with the following additional conditions:

A.      Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

B.      Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

C.      Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her efforts to obtain and maintain lawful employment.

D.      Defendant shall not act as an Income Tax Preparer for other taxpayers.

E.      Upon release from imprisonment, defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, no longer than 90 days from admission.  Defendant shall abide by all rules and regulations of the center, including payment of subsistence.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 8th day of April, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE